IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZANE D. GONZALES,

       Plaintiff,

v.                                                No.  23-CV-00399-MV-JMR

HEATHER CASHMAN and
SHAUN CASHMAN,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Mr. Gonzales, who is proceeding *pro se* despite being represented by counsel on a related state matter, has sole custody of his son following the untimely death of his child's mother. *See* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Dkt. 1, filed May 9, 2023 ("Complaint"). He alleges that the Cashmans, the child's maternal grandparents, "are trying to take [his] son from [him]" and that his and his son's "rights have been disregarded by council and court as members of the Eastern Navajo Tribe." Complaint at 2-3. Mr. Gonzales seeks the following relief: "I want the Courts to grant me the ability to be left alone to raise my son to the best of my ability without the threats and harassment of anybody."[1] Complaint at 5.

Mr. Gonzales and the Cashmans certainly appear to be at odds in a New Mexico family court proceeding. *See* Complaint at 4 (referencing *Gonzales v. Megan Cashman v. Heather*

---

[1] Because Mr. Gonzales is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with pleading requirements." *Id*. Moreover, if a *pro se* complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile. *Id*.

*Cashman and Shaun Cashman*, No. D-202-DM-202100537). However, what seems to be in contention in that case is not, as Mr. Gonzales alleges, custody of his child. Rather, the parties appear to be involved in a protracted—yet lawful—dispute over the Cashmans' visitation privileges following the death of their daughter. *See* N.M. Stat. Ann. § 40-9-2 ("If one or both parents of a minor child are deceased, any grandparent of the minor child may petition the district court for visitation privileges with respect to the minor. The district court may order temporary visitation privileges until a final order regarding visitation privileges is issued by the court.").

While the Court acknowledges the challenging position in which this family finds itself, it has no business interfering in the pending state court proceeding unless Mr. Gonzales can show proper federal subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Moreover, "dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper [] when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted). When applying this standard, the Tenth Circuit has determined that "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). For example, the Tenth Circuit has dismissed for lack of jurisdiction when a complaint referenced 42 U.S.C. § 1983 but wholly failed to include allegations supporting a constitutional claim. *See Sanders v. Indep. Sch. Dist. No. I–2*, 459 F.2d 51, 52 (10th Cir. 1972); *see also Harline v. Drug Enf't Admin.*, 148 F.3d 1199, 1202–06 (due-process claim was not colorable).

Mr. Gonzales, a Navajo tribal member residing off-reservation, has identified no statutory or constitutional provision under which his § 1983 claim arises, nor has he alleged sufficient facts to show that his case is one arising under federal law. Specifically, his form complaint contains no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States" or that the Cashmans are state actors—the twin requirements of a civil rights complaint under 42 U.S.C. § 1983. 28 U.S.C. § 1331; *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").

Indeed, while Mr. Gonzales believes that his rights as a member of the Navajo Nation have been disregarded, he identifies no statutory or constitutional provision that would establish federal question jurisdiction based on his (or his son's) tribal membership. Even if the Court were to generously construe Mr. Gonzales' complaint as implicating the Indian Child Welfare Act, a properly-venued state court visitation dispute is not something governed by that statute. *See* 25 U.S.C. § 1911. Moreover, a cause of action under § 1983 "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). In other words, Mr. Gonzales must allege that at least one government official, through that official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). Here, the Cashmans—grandparents exercising their state privilege to petition a court for visitation—are not acting as agents of any government. For these reasons, Mr. Gonzales' claim is so completely devoid of merit as not to involve a federal controversy.

Judge Rozzoni ordered Mr. Gonzales to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint alleging facts that support the Court's

jurisdiction over this case. *See* Order to Show Cause at 6 (notifying Mr. Gonzales that failure to timely show cause and file an amended complaint may result in dismissal of the case). Mr. Gonzales has not shown cause, filed an amended complaint, or otherwise responded to Judge Rozzoni's Order to Show Cause, and the deadline of June 1, 2023 has passed.

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Accordingly, the Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original). The Court is hopeful that Mr. Gonzales's counsel will advise him on how best to proceed if he is unhappy with the ultimate decision of the state court on the question of grandparent visitation, and presumably, he will be able to challenge any such decision in the New Mexico Court of Appeals.

IT IS ORDERED that this case is **DISMISSED without prejudice.**

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE